Louretha KING, Plaintiff–Appellant,

and

Sandra Etters; Ronda Singletary;
Deven Deal, Plaintiffs,

v.

Boyd BENNETT, Secretary, in his indi-
vidual capacity; Alvin Keller, in his
official capacity; Annie Harvey, Ad-
ministrator, in her individual and of-
ficial capacities; Timothy Kimble,
Administrator, in his individual and
official capacities; Unit Manager
Moore, in his individual capacity;
Unit Manager Ford, Assistant, in her

---

Fed. R.App. P. 4(c)(1). According to the cer-
tificate of service, Williams mailed his notice
of appeal on March 7, 2011.

individual capacity; Correctional Officer Wiggins, in his individual capacity; Correctional Officer Sims, in his official capacity; Nurse Barbosa, in his individual capacity; Lamar Blalock, Unit Manager, in his individual capacity; Jessica Jones, Correctional Officer, in her individual capacity, Defendants–Appellees.

No. 11–6515.

United States Court of Appeals, Fourth Circuit.

Submitted: Aug. 25, 2011.

Decided: Aug. 30, 2011.

Louretha King, Appellant pro se. Joseph Finarelli, Yvonne Bulluck Ricci, Assistant Attorneys General, Raleigh, North Carolina, for Appellees.

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louretha King seeks to appeal the district court's order dismissing her claims in a 42 U.S.C. § 1983 (2006) action involving multiple parties. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed.R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order King seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*